**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Oppenheimer and Performance Impressions, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Elizabeth Shirley and Liz Shirley Real Estate, <br><br> Defendants. | Case No. 2:17-cv-863-RMG <br><br> **COMPLAINT** <br><br> (JURY TRIAL DEMANDED) |

COME NOW David Oppenheimer and Performance Impressions, LLC, Plaintiffs in the above captioned action, and, complaining of Defendants, Elizabeth Shirley and Liz Shirley Real Estate, and show this Court as follows:

1. This is a civil action for copyright infringement arising under the Constitution, laws, or treaties of the United States and is a civil action arising under an Act of Congress relating to copyrights.

2. Plaintiffs invoke the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, pursuant to 28 U.S.C. § 1338(a) because it is related to copyrights, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

3. This case is governed by the *Copyright Act,* 17 U.S.C. § 101, *et seq.,* and laws supplemental thereto and amendatory thereof.

4. At all times material hereto, Plaintiff David Oppenheimer (hereinafter "Oppenheimer") was and is a citizen of the State of North Carolina, residing in Asheville, NC.

5. At all times material hereto, Oppenheimer was and is a professional photographer and visual artist doing business through his company, Performance Impressions, LLC.

6. At all times material hereto, Plaintiff Performance Impressions, LLC (hereinafter "Performance"), was and is a limited liability company created and existing by virtue of the laws of the state of North Carolina, with a place of business in Asheville, NC.

7. Performance was and is in the business of licensing, and selling for profit photographs and visual images created by Oppenheimer.

8. On information and belief at all times material hereto, Defendant Elizabeth Shirley was a citizen of South Carolina and a realtor operating in the Charleston, SC area.

9. On information and belief at all times material hereto, Defendant Liz Shirley Real Estate was a real estate company operated by Defendant Elizabeth Shirley with a principal place of business in or around Charleston, South Carolina.

10. This Court has personal jurisdiction over Defendants Elizabeth Shirley and Liz Shirley Real Estate (collectively "Defendants" or "Liz Shirley") because Liz Shirley conducts systematic and continuous business within this judicial district, Liz Shirley's agents and affiliates can be found within this judicial district, and acts giving rise to the Complaint occurred within this judicial district.

11. On information and belief at all times material hereto, Liz Shirley was and is in the residential real estate brokerage business in the Charleston, SC area.

12. On information and belief at all times material hereto, Liz Shirley advertised its brokerage services on the internet through websites or social media profiles managed by Liz Shirley and its agents.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and pursuant to 28 U.S.C. § 1400(a) because Liz Shirley conducts systematic and continuous business within this judicial district and acts giving rise to the Complaint occurred within this judicial district.

FOR A FIRST CAUSE OF ACTION
(Direct Copyright Infringement)

14. Plaintiffs restate the above allegations as if set forth herein verbatim.

15. On or before 2012 Plaintiffs created a photographic image ("photograph") depicting an evening view of properties at Wild Dunes.

16. The subject photograph is owned by Oppenheimer.

17. The subject photograph is not in the public domain.

18. On July 16, 2012 Plaintiffs registered the subject photograph with the United States Copyright Office under registration number VAu 1-108-074.

19. From that date, Plaintiffs have held all the exclusive rights to the subject photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly. 17 U.S.C. § 106.

20. Plaintiffs published the subject photograph on one or more websites with numerous copyright notices including a watermark with clear copyright management information.

21. On information and belief, Liz Shirley began two infringing uses of the subject photograph in commercial advertisements, which promoted the sale of Liz Shirley's real estate brokerage services to the public in interstate commerce, after knowingly and intentionally removing the watermark and clear copyright management information from the subject photograph.

22. On information and belief, said commercial advertisements including three infringing uses

of the subject photograph were widely displayed and made publicly available on the internet.

23. Without authority of the copyright owner or the law, Liz Shirley, by and through its agents, reproduced, displayed, distributed, and used the subject photograph for its direct financial benefit.

24. The said acts of Liz Shirley constituted direct willful infringement of Plaintiffs' copyrights in the subject photograph. 17 U.S.C. § 504(b) and (c).

25. As a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Plaintiffs have suffered actual damages in an amount to be determined upon the trial of this action and have incurred, and will in the future incur, attorneys' fees and costs of this action.

26. On information and belief, as a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Liz Shirley as infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

27. In the alternative, Plaintiffs are entitled to elect statutory damages for Defendants' willful copyright infringement. 17 U.S.C. § 504(c).

28. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

FOR A SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement)

29. Plaintiffs restate the above allegations as if set forth herein verbatim.

30. On information and belief, Liz Shirley's website consultants furthered the financial

interests of Liz Shirley by advertising Liz Shirley's real estate brokerage services.

31. On information and belief, Liz Shirley's website consultants reproduced, displayed, distributed, and used the subject photograph on one or more web pages in connection with advertising featuring Liz Shirley's trade name, "Liz Shirley Real Estate," its logo, and its trade dress.

32. On information and belief, Liz Shirley had the right and ability to supervise its website consultants and their infringing activity.

33. On information and belief, Liz Shirley had a direct financial interest in advertising its real estate brokerage services.

34. As a consequence of its financial interest and its right and ability to supervise, Liz Shirley has vicarious liability for copyright infringement.

35. As a direct and proximate result of said infringement of Plaintiffs' copyrights Plaintiffs have suffered actual damages in an amount to be determined upon the trial of this action and have incurred, and will in the future incur, attorneys' fees and costs of this action.

36. On information and belief, as a direct and proximate result of said infringement of Plaintiffs' copyrights, Liz Shirley as infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

37. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

38. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs demand trial by jury of all issues of fact, and pray that summons issue as to Defendants; that Defendants be cited and made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court issue against Defendants; that judgment be rendered for Plaintiffs and against Defendants for actual damages and all additional profits, and for an award of attorneys' fees and costs of the action; or, in the alternative, upon Plaintiffs' election, that judgment be rendered for Plaintiffs and against Defendants for maximum statutory damages; and that judgment be rendered for Plaintiffs and against Defendants for declaratory relief, injunctive relief, attorneys' fees, and costs of the action; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

Respectfully Submitted,

**WYCHE, P.A.**

s/ Christopher B. Schoen
Meliah Bowers Jefferson (D.S.C. Id. No. 10018)
Christopher B. Schoen (D.S.C. Id. No. 11421)
44 East Camperdown Way
Greenville, S.C. 29601
Telephone: 864-242-8200
Telecopier: 864-235-8900
Email: mjefferson@wyche.com, cschoen@wyche.com

ATTORNEYS FOR PLAINTIFFS,
DAVID OPPENHEIMER and PERFORMANCE IMPRESSIONS, LLC

Dated: March 31, 2017